<hr/>

## Commonwealth *v.* Motsko, Appellant.

*Criminal law—Evidence—Reputation—Charge.*

On the trial of a criminal prosecution the chief of police testified that he was acquainted with the defendant's reputation before the occurrence of the felony charged against him. No objection was made to the form of the question and none appeared to the competency of the witness. He lived in the community and stated that he had knowledge of the reputation of the defendant with respect to the matter involved. It appeared on his cross-examination that he ascertained certain facts with reference to prior conduct of the defendant after the occurrence of the assault for which he was tried, but after the examination on that subject had been concluded by the counsel for the defendant the question as to the reputation of the accused before the occurrence of the assault for which he was then on trial was propounded, and with reference to that reputation he testified. *Held*, that the witness was competent to testify as to the defendant's reputation.

In such a case it is not error for the court, to charge as to the testimony of the chief of police. "He made an investigation of things occurring before this last offence with which he now stands charged and discovered that he was not a man of good character."

Argued April 16, 1918. Appeal, No. 12, March T., 1918, by defendant, from judgment of Q. S. Luzerne Co., Feb. Sessions, 1918, No. 157, on verdict of guilty in case of Commonwealth v. Pancho Motsko. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for felonious wounding.    Before O'BOYLE, J.

The opinion of the Superior Court states the case.

The court charged, inter alia, as follows:

"The defendant here has offered testimony of good character; he has offered Mr. Kirschner as one of the witnesses in his behalf, to establish his good reputation, and he says he is a man of good reputation.

Now you have heard the chief of police state also, in contradiction of that, that he is not a man of good reputation, and that he made an investigation of things occurring before this last offense with which he now stands charged and discovered that he was not a man of good character, so there you have the good character side of the proposition and the bad character side of it."

Verdict of guilty upon which judgment of sentence was passed.

*Error assigned* was (1) ruling on evidence as stated in the opinion of the Superior Court, and (2) portion of charge as above quoting it.

*John H. Dando,* with him *David Oppenheimer,* for appellant, cited: Snyder v. Com., 85 Pa. 519; Com. v. Howe, 35 Pa. Superior Ct. 554.

*Frank P. Slattery,* District Attorney, with him *E. J. Moore* and *A. L. Turner,* Assistant District Attorney, for appellee, cited: Kimmel v. Kimmel, 3 S. & R. 336.

OPINION BY HENDERSON, J., July 10, 1918:

Two assignments of error are presented.    The first relates to the competency of a witness called in rebuttal by the Commonwealth to testify in regard to the reputation of the defendant as a law-abiding citizen. The second excepts to a portion of the charge of the court on the subject of reputation.

The witness objected to was the chief of police of

Plains Township. He testified that he was acquainted with the defendant's reputation before the occurrence of the felony charged against him. No objection was made to the form of the question and none appears to the competency of the witness. He lived in the community and stated that he had knowledge of the reputation of the defendant with respect to the matter involved. It appeared on his cross-examination that he ascertained certain facts with reference to prior conduct of the defendant after the assault for which he was tried, but after the examination on that subject had been concluded by the counsel for the defendant the question as to the reputation of the accused before the occurrence of the assault was propounded and it was with reference to that reputation that he testified. The officer qualified himself as a witness and no sufficient reason appears for sustaining the assignment.

The objection to the charge bears rather on the form of the question propounded to the witness than on the propriety of the comment by the trial judge. The evidence must unquestionably relate to the general reputation of the defendant. When the court referred to the testimony of the witness for the defendant to establish his good reputation nothing less was meant than the reputation which had been the subject of investigation in the examination of witnesses. The jury could not have misunderstood the court on the subject. The authorities cited would be pertinent as related to the form of the question propounded in regard to character; but they have no bearing on the assignment now under consideration. Moreover, when the attention of the counsel on the respective sides was called to the sufficiency of the charge by the court no objection was made on this point but the court was requested to give further instructions on another branch of the case. After a fair trial on the merits and with an opportunity to have any lack of fulness of explanation supplied the defendant ought not now to be heard in complaint of what could have been

easily corrected if it were a matter of importance.    Inadequacy of the charge is not assigned for error and what was said by the court on the subject of reputation was not contrary to law.    The charge was full and clear and we are not convinced that the defendant was in any way prejudiced.

The assignments are overruled, the judgment is affirmed and the record is remitted to the Court of Quarter Sessions of Luzerne County with direction that the subject be fully carried into effect and to that end it is ordered that the appellant appear in that court and that he be committed by that court to serve and comply with such parts of his sentence as had not been served and complied with at the time this appeal was taken.